James E. Mercante
Yoon S. Han
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
*Attorneys for Petitioner*
*Frank J. Dieber*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 2042**

IN THE MATTER OF THE COMPLAINT

of

FRANK J. DIEBER, as owner of a 1988 20-foot Formula SR1 vessel for Exoneration from or Limitation of Liability.

Petitioner.

Civil Action No.: CV

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

FILED 2008 FEB 29 PM 2:24 U.S. DISTRICT COURT S.D. OF N.Y.

FRANK J. DIEBER (hereinafter "Petitioner"), by his attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, for his Complaint seeking Exoneration from or Limitation of Liability, alleges, upon information and belief, as follows:

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

2. Petitioner, FRANK J. DIEBER's address is P.O. Box 1710, Greenwood Lake, New York 10925.

3. Petitioner is the owner of 1988 20-foot Formula SR1 vessel (hereinafter the "Vessel").

4. Prior to and on June 29, 2007, the Vessel was stored in the backyard of Petitioner's home.

5. On or about June 29, 2007, Petitioner's son Frank J. Dieber, Jr. took the Vessel from Petitioner's backyard to Greenwood Lake, Orange County, New York, without the permission or knowledge of Petitioner.

6. On or about June 29, 2007, Petitioner was not aware that the Vessel was taken from his backyard by Frank J. Dieber, Jr.

7. On or about June 29, 2007, Frank J. Dieber, Jr. operated the Vessel without the permission or knowledge of Petitioner on the navigable waters of Greenwood Lake, Orange County, New York.

8. On or about June 29, 2007, a collision occurred between the Vessel and a pontoon-type boat on the navigable waters of Greenwood Lake, allegedly causing injury to persons on board the pontoon-type boat, including Angela M. Norcia.

9. At the time of the aforesaid incident, Petitioner was not on board the Vessel.

10. At the time of the aforesaid incident, Petitioner was not operating the Vessel.

11. Subsequently, Angela M. Norcia commenced an action in the Supreme Court of the State of New York, County of Orange, bearing index No. 7230/07, against the Petitioner and others for alleged injuries arising out of this incident.

12. Any claim or claims were not due to any fault, neglect, or want of care on the part of Petitioner and occurred without Petitioner's privity or knowledge.

13. The post-casualty value of the Vessel was determined to be $7,500 (**EXHIBIT A**, Certificate of Market Valuation by Alcus Marine Technical Services, Inc.).

14.     Petitioner, pursuant to Supplementary Rules F of the Federal Rules of Civil Procedure, offers a certified check payable to Clerk of Court-SDNY in the amount of $7,500 as *Ad Interim* Security. As indicated in **Exhibit A**, the Vessel's current post-casualty value is $7,500, representing the value of Petitioner's interest in the Vessel on the date of the accident and there being no pending freight. (**EXHIBIT B**, *Ad Interim* Security).

15.     Venue in this district is proper as the Vessel is located in the district, the alleged accident occurred in this district, and suit has been filed by Angela M. Norcia against Petitioner in the Supreme Court of the State of New York, County of Orange, bearing Index No. 7230/07.

16.     Petitioner is entitled to Exoneration from liability for any claims arising from the accident and from any and all claims that have been or may hereafter be made, and Petitioner alleges that he has valid defenses thereto on the facts and law.

17.     Petitioner claims, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. § 30501 *et. seq.* and the various statutes supplementary thereto and amendatory thereof.

18.     Petitioner has provided security herewith in the form of an *Ad Interim* Security sufficient to cover his interest in the post-casualty value of the Vessel ("*Ad Interim* Security") for the payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioner prays:

(1)     That this Court adjudge that Petitioner is not liable for any loss, injury, or damage arising out of the accident, and therefore entitled to exoneration from liability;

(2)     If Petitioner is adjudged liable, that such liability be limited to the value of his

interest in the Vessel in the maximum amount of $7,500 and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such Claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(3) That this Court issue an Order to include the following:

  (a) Directing the issuance of Notice to all persons asserting claims with respect to the accident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be named in the Notice.

  (b) Directing Petitioner to file an *Ad Interim* Security, as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the Vessel as of the date of the accident.

  (c) Directing that upon Petitioner's filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, and the Vessel, of any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(4) That Petitioner may have such other and further relief as the justice of the cause may require.

Dated: February 29, 2008
      New York, New York

                                       RUBIN, FIORELLA & FRIEDMAN LLP
                                       Attorneys for Petitioner

By: _____
            James E. Mercante
            Yoon S. Han
            292 Madison Avenue, 11th Floor
            New York, New York 10017
            Ph: 212 953-2381
            Fax: 212 953-2462

# Alcus Marine Technical Services, Inc.

P.O. Box 700 • Moriches, New York 11955-0700
(631) 874-1000 • Fax (631) 874-3000
Internet: ALCUSMT@AOL.COM

February 28, 2008
FILE NUMBER: not provided

Mr. Jim Mercante
Rubin, Fiorella

RE: Frank Dieber
Marine Appraisal of 1988 Thunderbird Formula 272 SR-1

## CERTIFICATE OF MARKET VALUATION

This is to certify that the undersigned Marine Surveyor, having been requested by Mr. Jim Mercante, Rubin, Fiorella, to value the twin Mercruiser stern drive powered Thunderbird Formula 272 SR-1 vessel of fiberglass construction, built 1988 at Thunderbird/ Formula, Decatur, IN, Hull Identification Number: TNRD7654H788, dimensions 27'L x 8'B x 2' 10"D, powered by twin Mercruiser 350 Magnum 350HP inboard outboard gasoline engines, fully equipped and hull and machinery in fair condition with cracked and corroded stern drives, bent propellers, scratches and damage around hull, severely faded and oxidized hull finish hereby certify that having availed myself of the best possible information regarding this vessel, I estimate the current market value of the vessel in the sum of Seven Thousand Five Hundred Dollars, US.

*************** $7,500.00 *************************

The above report is a statement of opinion made, signed and submitted without prejudice to the rights and or/ interests of whom it may concern.

Respectfully submitted,
Alcus Marine Technical Services Inc.

By: Ronald C. Alcus Jr., AMS, President

Accredited Marine Surveyor • Consultant • Salvage Consultant • Underwater Surveys
Licensed Master, Certified Diver, Member SAMS, NFPA, ABYC, AMI, IAMI, BOAT US

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

of

FRANK J. DIEBER, as owner of a 1988 20-foot Formula SR1 vessel for Exoneration from or Limitation of Liability.

Petitioner.

Civil Action No.: 08 CV

***AD INTERIM*** **SECURITY**

**WHEREAS**, Petitioner, FRANK J. DIEBER, as owner of a 1988 20-foot Formula SR1 vessel (hereinafter the "Vessel") is instituting a proceeding in this Court for Exoneration from or Limitation of Liability pursuant to the vessel owner's Limitation of Liability Act, Title 46 U.S.C. §30501 *et seq.*, for all claims, damages and/or losses arising out of or resulting from an boating accident alleged to have occurred between the Vessel and a pontoon-type boat on or about June 29, 2007, on the navigable waters of Greenwood Lake, Orange County, New York, as described in the Complaint, and

**WHEREAS**, Petitioner wishes to provide this *Ad Interim* Security in the amount of the post-casualty value of the Vessel as security for any and all claims arising from this incident.

**WHEREAS**, the value of Petitioner's interest in the Vessel described above post-casualty, has been fixed at $7,500 as appears in **Exhibit A** to the Complaint filed herein, and

**WHEREAS**, Petitioner wishes to deposit a certified check in the amount of $7,500 made payable to the Clerk of Court-SDNY and to be held pending this action by his attorneys Rubin, Fiorealla & Friedman LLP, as *Ad Interim* Security for any and all claims arising from the accident, or if So Ordered, to be deposited into Court, and

NOW, THEREFORE, in consideration of the premises, Petitioner shall deposit with his attorneys Rubin, Fiorella & Friedman LLP to be held pending this action a certified check in the amount of $7,500 made payable to Clerk of Court-SDNY, the Vessel's value having been determined to be SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500). If the adequacy of the limitation fund is contested by motion, then within thirty (30) days after entry of an Order confirming the report of an independent marine surveyor appointed by the Court to appraise the value of the Vessel, the limitation fund shall be increased or decreased to the independent marine surveyor's value, and Petitioner will file in this proceeding a *revised Ad Interim* Security conforming to such appraised value;

Dated: February 29, 2008

By: _____
Frank J. Dieber - Petitioner
As owner of a 1988 20-foot
Formula SR1 vessel

On this 29th day of February 2008, before me personally came Frank J. Dieber, being by me duly sworn, did depose and say that he is the owner of the 1988 20-foot Formula SR1 vessel and that the document attached hereto is a certified check in the amount of $7,500 made payable to Clerk of Court-SDNY.

Sworn to before me this
29th day of February 2008

_Susan Ryan_

SUSAN RYAN
Notary Public, State of New York
No. 43-4912244
Qualified in Richmond County
Commission Expires November 9, 20_09_

- 2 -

