UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Complaint of

FRANK J. DIEBER, as owner of a 1988 20-foot
Formula SR1 vessel for Exoneration From or
Limitation of Liability,                                      Civil Action No.:  08 CV 2042 (CLB)

                          Petitioner.                 **ANSWER TO THE COMPLAINT
                                                       FOR EXONERATION FROM OR
                                                       LIMITATION OF LIABILITY AND
                                                       <u>AFFIRMATIVE DEFENSES</u>**

        TARA A. PINAND, by and through her attorneys, PISCIOTTI, MALSCH &

BUCKLEY, P.C., as and for her Answer to the Complaint of Petitioner, respectfully sets forth as

follows:

        1.      Petitioner's paragraph designated "1" is a mere characterization of the Complaint

and requires no admission or denial, to the extent that such allegations require a response, such

alleges are denied and this respondent refers all questions of law raised herein to this Honorable

Court.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph designated "2" of petitioner's Complaint.

        3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph designated "3" of petitioner's Complaint.

        4.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph designated "4" of petitioner's Complaint.

5.      Denies each and every allegation contained in paragraph designated "5" of petitioner's Complaint.

6.      Denies each and every allegation contained in paragraph designated "6" of petitioner's Complaint.

7.      Denies each and every allegation contained in paragraph designated "7" of petitioner's Complaint.

8.      Admits that on or about June 29, 2007, a collision occurred on the navigable waters of Greenwood Lake when the Vessel, operated by Petitioner's intoxicated son, Frank J. Dieber, Jr., collided with Tara Pinand's pontoon-style boat, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph designated "8" of petitioner's Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "9" of petitioner's Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "10" of petitioner's Complaint.

11.      Admits that Angela M. Norcia commenced an action in the Supreme Court of the State of New York, County of Orange, bearing index No. 7230/07, against Petitioner Frank J. Dieber, Sr., Frank J. Dieber, Jr., and Tara Pinand, for alleged injuries associated with the incident as described in Paragraph 8 of this Answer and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "11" of petitioner's Complaint.

12.      Denies each and every allegation contained in paragraph designated "12" of petitioner's Complaint.

2

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "13" of petitioner's Complaint.

14.    Admits that petitioner offers a certified check payable to Clerk of Court-SDNY in the amount of $7,500 as *Ad Interim* Security, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "11" of petitioner's Complaint, and refers all questions of law raised herein to this Honorable Court.

15.    Admits the allegations contained in paragraph designated "15" of petitioner's Complaint and refers all questions of law raised herein to this Honorable Court.

16.    Denies each and every allegation contained in paragraph designated "16" of petitioner's Complaint.

17.    Denies each and every allegation contained in paragraph designated "17" of petitioner's Complaint and refers all questions of law raised herein to this Honorable Court.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "18" of petitioner's Complaint and refers all questions of law raised herein to this Honorable Court.

## AFFIRMATIVE DEFENSES OF TARA PINAND

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The issue of liability should proceed in state court under the "saving to suitors" clause of 28 U.S.C. Section 1333(1), which gives claimants a right to seek common law remedies outside of the federal admiralty forum, and this Court should retain jurisdiction on the limitation

questions pending the outcome of the state proceeding.  See Complaint of McCarthy Bros. Co. / Clark Bridge, 83 F.3d 821, 824 (7th Cir. 1996);

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner has failed to establish lack of privity or knowledge; thus the Court lacks the power under the Limitation Act to limit his liability and the Court must relinquish exclusive jurisdiction and allow the case to proceed in state court.  See Joyce v. Joyce, 975 F.2d 379, 385 (7th Cir. 1992).

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Based on the Langnes rule of abstention, the issue of liability should go forward in the state court and this Court retains jurisdiction of any question that might arise as to the shipowner's right to limit his liability.  See Langnes v. Green, 282 U.S. 531, 535 (1931).

## AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Based on the doctrine of judicial economy, the issue of liability should be determined in the original state court action:

> If the shipowner either (1) wins in the state court or (2) loses, but only in an amount less than the value of his ship and its cargo, then the need for further proceedings in federal court is obviated.  If the shipowner is found liable for more than the value of his ship and its cargo in the state action, further proceedings in the federal limitation action may be necessary, but only where the clamant contests the limitation.

McCarthy Bros., <u>supra</u>, 83 F.3d at 828.

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Upon information and belief, Petitioner had privity and knowledge as negligent failure to discover constitutes privity and knowledge within the meaning of LOLA. <u>McNeil v. Lehigh Valley R.R.</u>, 387 F.2d 623, 624 (2d Cir. 1967); <u>In re Oil Spill by the AMOCO CADIZ</u>, 954 F.2d 1279, 1303 (7th Cir. 1992) ("The recent judicial trend has been to enlarge the scope of activities within the privity or knowledge of the shipowner, including . . . requiring shipowners to exercise an ever-increasing degree of supervision and inspection.").

## AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner's Complaint seeks to obtain limitation of his liability for the negligent entrustment of his pleasure vessel to his intoxicated son. As such, such action should be dismissed *sua sponte* or upon motion. <u>See</u> <u>Joyce v. Joyce</u>, 975 F.2d 379, 384 (7th Cir. 1992).

## AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The limitation proceeding should be stayed as to try the liability issue first, which will preserve the possibility that it will be found that no liability exists or there will be an award less than the limitation fund, which would make the limitation proceeding moot. <u>Newton v. Shipman</u>, 718 F.2d 959, 963-64 (9th Cir. 1983).

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner's son, Frank J. Dieber, Jr., is not the owner of the pleasure vessel complained about herein. As such, Frank J. Dieber, Jr. is not entitled to, and has not sought, limitation of his liability. Petitioner wrongfully included the action seeking remedy against Frank J. Dieber, Jr. in the overly broad order restraining, staying and enjoining any action and the underlying lawsuit.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner has not met his burden of proving the pleasure vessel was seaworthy.

**AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner has not met its burden of proving that he did not negligently entrust the pleasure vessel to his intoxicated, likely to be intoxicated, or soon to be intoxicated, son.

**AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner has not met its burden of proving that the negligent operations were without his privity and knowledge.

**AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner has violated statutes, ordinances and other regulations, including Section 48 of the New York State Navigation Laws, such that he may not maintain this action; that Tara Pinand is entitled to certain legal presumptions, including but not limited to the Pennsylvania Rule; and that Petitioner is negligent per se and may not claim any comparative fault.

**AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner had knowledge of Frank J. Dieber, Jr.'s violation of New York State Navigation Laws, including 45AAAA-1A, 49A-2b and 49A-2d; as such Tara Pinand is entitled to certain legal presumptions, including the Pennsylvania Rule. Tassinari v. Key West Water Tours, L.C., No. 06-10116-CIV, 2007 WL 1879172, *2 (S.D. Fla. June 27, 2007) ("Federal maritime law's unique version of negligence per se is embodied in what is called the 'Pennsylvania Rule' [which states that] 'when a ship at the time of an allision is in actual violation of a statutory rule intended to prevent allisions, it is not more than a reasonable presumption that the fault, if not the sole caused of the disaster and in such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been.'" (quoting The Pennsylvania, 86 U.S. 125 (1873).).

TARA PINAND reserves the right to modify and/or add any additional affirmative defenses as discovery progresses and additional facts are discovered.

WHEREFORE, TARA PINAND demands judgment dismissing the Petitioner's Complaint on the merits, together with the costs and disbursements of this action.

Dated: White Plains, New York
April 18, 2008

Respectfully submitted,

**PISCIOTTI, MALSCH & BUCKLEY, P.C.**

By:    *s/ Jeffrey M. Malsch*
Jeffrey M. Malsch (JM 3694)

444 Hamilton Avenue, Suite 1102
White Plains, New York 10601
Telephone:  (914) 287-7711
Facsimile:   (914) 287-7715

TO:    Mr. James E. Mercante, Esq.
RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for Petitioner*
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

Mr. Thomas P. Giuffra, Esq.
BARTON BARTON & PLOTKIN, LLP
*Attorneys for Angela Norcia*
420 Lexington Avenue
New York, New York 10170
(212) 687-6262

Mr. Joseph P. Petrizzo, Esq.
DePROSPO, PETRIZZO & LONGO
*Attorneys for Frank J. Dieber, Jr.*
42 Park Place
Goshen, New York 10924
(845) 294-3361

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to attorneys of record, registered users of the CM/ECF system:

Mr. James E. Mercante, Esq. (at <u>jmercante@rubinfiorella.com</u>)
RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for Petitioner*
292 Madison Avenue, 11th Floor
New York, New York 10017

Mr. Yoon Sang (Robert) Han, Esq. (at <u>rhan@rubinfiorella.com</u>)
RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for Petitioner*
292 Madison Avenue, 11th Floor
New York, New York 10017

Mr. Thomas P. Giuffra, Esq. (at <u>tgiuffra@bartonesq.net</u>)
BARTON BARTON & PLOTKIN, LLP
*Attorneys for Angela Norcia*
420 Lexington Avenue
New York, New York 10170

I further certify that on April 18, 2008, I had served the foregoing on the above and below-listed persons and/or entities by depositing same into the sole possession of the United States Postal Service in a sealed envelope addressed to non-registered users of the CM/ECF System, with postage pre-paid:

Mr. Joseph P. Petrizzo, Esq.
DePROSPO, PETRIZZO & LONGO
*Attorneys for Frank J. Dieber, Jr.*
42 Park Place
Goshen, New York 10924

_____*s/ Jeffrey M. Malsch*_____
Jeffrey M. Malsch (JM 3694)