8149/af

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Complaint of

FRANK J. DIEBER, as owner of a 1988 20-foot Formula SR1 vessel for Exoneration from or Limitation of Liability

Petitioner

Index No. 08 CV 2042

**AMENDED ANSWER TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

ANGELA NORCIA, by her attorneys, BARTON BARTON & PLOTKIN, LLP as and for her Amended Answer to the Complaint of the Petitioner, alleges as follows upon information and belief:

1) Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated 3, 4, 9, 10, 13 and 18 of the Complaint.

2) Denies each and every allegation contained in paragraphs designated 5, 6, 7, 12, 16 and 17 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

3) The petitioner, FRANK J. DEIBER, as owner of the MV 1988 20-foot Formula SR1 vessel is not entitled to the benefits of Limitation conferred by 46 U.S.C. §§ 183-186 and

188 and the various statutes supplemental thereto and amendatory thereof, and claimant contests the right to make such a claim as part of this proceeding.

### SECOND AFFIRMATIVE DEFENSE

4) The petitioner, FRANK J. DEIBER, as owner of the MV 1988 20-foot Formula SR1 vessel is not entitled to the benefits of Exoneration conferred by 46 U.S.C. §§ 183-186 and 188 and the various statutes supplemental thereto and amendatory thereof, and claimant contests the right to make such a claim as part of this proceeding.

### THIRD AFFIRMATIVE DEFENSE

5) The 1988 20-foot Formula SR1 vessel was not a "Seagoing Vessel" as defined by 46 U.S.C. §§ 181 et. seq. and is not entitled to the benefits of Limitation conferred by 46 U.S.C. §§183-189 and the various statutes supplemental thereto and amendatory thereof.

### FOURTH AFFIRMATIVE DEFENSE

6) That the petitioner FRANK J. DEIBER has undervalued the value of the vessel. Claimant reserves the right to contest the valuation and require the petitioner to immediately increase the amount of security posted. FRCP, Supp. Rule F(7).

### FIFTH AFFIRMATIVE DEFENSE

7) Any and all damages were caused through the fault, culpable conduct, negligence and carelessness of the petitioner, FRANK J. DIEBER, with the express and implied privity and knowledge of the petitioner.

### SIXTH AFFIRMATIVE DEFENSE

8) Any and all damages were caused through the reckless, wanton and willful conduct of FRANK J. DIEBER AND FRANK J. DIEBER, JR., with the express and implied privity and knowledge of FRANK J. DEIBER.

### SEVENTH AFFIRMATIVE DEFENSE

9) That petitioner had privity and knowledge of the actions, inactions, statutory violations and improper conduct of FRANK J. DIEBER, JR.

### EIGHTH AFFIRMATIVE DEFENSE

10) The petitioner cannot file for Limitation of Liability in this case as it is not an intended beneficiary of 46 U.S.C. §§ 183-189 and the various statutes supplemental thereto and amendatory thereof, as the enactment of this provision in admiralty was intended to promote maritime commerce through the carriage of goods by sea and was not intended to apply to a recreational boat.

### NINTH AFFIRMATIVE DEFENSE

11) The claimant herein invokes the "Pennsylvania Doctrine" (86 U.S. 125 Sup. Ct. 1874) which shifts the burden to the petitioner to prove that the statutory violations did not or could not cause the accident.

### TENTH AFFIRMATIVE DEFENSE

12) The claimant hereby includes and incorporates by reference, as Affirmative Defenses to be included as part of this Answer to the Complaint for Limitation of Liability of the Petitioner as owner of the 1988 20-foot Formula SR1 vessel, the allegations contained within the claimant's claim for damages which is being filed simultaneously with this Amended Answer and made a part hereto.

WHEREFORE, it is respectfully requested that Petition for Limitation of Liability be denied in all respects; that the claimant be permitted to prosecute their claims for damages against the petitioner without a cap on the amount of damages; for the attorneys fees, costs and disbursements of defending the Limitation proceeding and for such other and further relief as may seem just and proper.

Dated: New York, New York
      April 21, 2008

Yours, etc.
BARTON BARTON & PLOTKIN, LLP
Attorneys for Claimant ANGELA NORCIA

By: _____
Thomas P. Giuffra (TG1274)
420 Lexington Avenue
New York, NY 10170
(212) 687-6262

TO:
RUBIN FIORELLA & FRIEDMAN, LLP
Attorneys for Petitioner
292 Madison Avenue
New York, NY 10017

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                             ss.:
COUNTY OF NEW YORK  )

Alison Fumo, being duly sworn, deposes and says: Deponent is not a party to this action and is over the age of eighteen years and resides in Old Bridge, NJ.

That on April 21, 2008, at 420 Lexington Avenue, New York, New York 10170, deponent served the within AMENDED ANSWER TO THE COMPLAINT upon:

RUBIN FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY  10017

by delivering a true cop(ies) to said defendant(s) in a post-paid properly addressed sealed envelope in the exclusive care and custody of the United States Postal Service.

_____
Alison Fumo

Sworn to before me this
21st day of April 2008

_____
Notary Public

Victoria Tochin
Notary Public-State of New York
No.: 01TO6132279
Qualified in New York County
Commission Exp. Aug 22, 20__