FOSTER & MAZZIE, LLC
10 FURLER STREET
P.O. BOX 209
TOTOWA, NEW JERSEY 07511
(973) 785-4000   FAX: (973) 785-9220
Attorneys for Respondent, Tara Pinand

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>OF<br><br>FRANK J. DIEBER, as owner of a 1988 20-foot Formula SR1 vessel for Exoneration from or Limitation of Liability | CIVIL ACTION NO.: 08 CV 2042 (CLB)<br><br>ANSWER TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS AND THIRD PARTY COMPLAINT |

TARA PINAND, by and through her attorneys, FOSTER & MAZZIE, LLC, as and for her Answer to the Petitioner's Complaint, states:

1. Neither admits or denies the allegations listed in paragraph 1 of the Complaint, to the extent that such allegations require a response, such allegations are denied and Respondent refers all questions of law to this Honorable Court.

2. Denies knowledge or sufficient information to the allegations listed in paragraph 2 of the Complaint.

3. Denies knowledge or sufficient information to the allegations listed in paragraph 3 of the Complaint.

4. Denies knowledge or sufficient information to the allegations listed in paragraph 4 of the Complaint.

5. Denies each and every allegation listed in paragraph 5 of the Complaint.

6. Denies each and every allegation listed in paragraph 6 of the Complaint.

7. Denies each and every allegation listed in paragraph 7 of the Complaint.

8. Admits that on or about June 29, 2007, a collision occurred on Lake Greenwood when the Vessel, operated by Petitioner's intoxicated son, Frank J. Dieber, Jr., collided with Tara Pinand's pontoon-style boat, but denies knowledge or sufficient information to the remainder of the allegations listed in paragraph 8 of the Complaint.

9. Denies knowledge or sufficient information to the allegations listed in paragraph 9 of the Complaint.

10. Denies knowledge or sufficient information to the allegations listed in paragraph 10 of the Complaint.

11. Admits that Angela M. Norcia commenced an action in the Supreme Court of the State of New York, County of Orange, bearing index No. 7230/07, against Frank J. Dieber, Sr., Frank J. Dieber, Jr., and Tara Pinand, for alleged injuries associated with the incident described in paragraph 8 of the Complaint and denies knowledge or sufficient information to the allegations listed in paragraph 11 of the Complaint.

12. Denies each and every allegation contained in paragraph 12 of the Complaint.

13. Denies knowledge or sufficient information to the allegations listed in paragraph 13 of the Complaint.

14. Admits that Petitioner offered a certified check payable to Clerk of the Court – SDNY in the amount of $7,500.00 as Ad interim Security, but denies knowledge or sufficient information as to the remainder of the allegations listed in paragraph 14 of the Complaint and refers all questions of law raised herein to this Honorable Court.

15. Admits the allegations listed in paragraph 15 of the Complaint and refers all questions of law raised herein to this Honorable Court.

16. Denies each and every allegation listed in paragraph 16 of the Complaint.

17. Denies each and every allegation listed in paragraph 17 of the Complaint and refers all questions of law raised herein to this Honorable Court.

18. Denies knowledge or sufficient information listed in paragraph 18 of the Complaint and refers all questions of law raised herein to this Honorable Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR RESPONDENT'S 1st AFFIRMATIVE DEFENSE

Petitioner's claim is barred by the statute of limitations provided under Rule "F"(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

### AS AND FOR RESPONDENT'S 2nd AFFIRMATIVE DEFENSE

Petitioner fails to state a cause of action for which this court can grant relief as Petitioner has failed to prove that he lacked knowledge or privity under 46 U.S.C.A. § 30505, therefore the Court lacks power under the Limitation Act to limit

liability and the Court must relinquish exclusive jurisdiction and allow the case to proceed in state court. See also Joyce v. Joyce 975 F.2d 379 (7th Cir 1992).

### AS AND FOR RESPONDENT'S 3rd AFFIRMATIVE DEFENSE

Petitioner fails to state a cause of action for which this court can grant relief as Petitioner's vessel is a pleasure boat and therefore the Limitation of Liability Act does not limit liability of pleasure craft owners for damages and injuries arising out of noncommercial activities. Complaint of Samuel C. Roffe, 724 F.Supp. 9 (1989).

### AS AND FOR RESPONDENT"S 4th AFFIRMATIVE DEFENSE

Petitioner had either actual or constructive knowledge that his intoxicated son should not have been entrusted with the Vessel, and therefore has not only committed negligent entrustment, but also placed himself beyond the protection of the Limitation of Liability Act. See Joyce v. Joyce, 975 F.2d 379 (1992).

### AS AND FOR RESPONDENT'S 5th AFFIRMATIVE DEFENSE

The issue of liability should proceed in state court under 28 U.S.C. 1333(1) "saving of suitors" clause, and this Court should only retain jurisdiction on the limitation questions pending the outcome of the state proceeding. Complaint of McCarthy Bros. Co./Clark Bridge, 83 F.3d 821 (7th Cir. 1996).

### AS AND FOR RESPONDENT'S 6th AFFIRMATIVE DEFENSE

Based on the doctrine of judicial economy, the issue of liability should be determined in the original state court action:

> If the shipowner either (1) wins in the state court or (2) loses, but only in an amount less than the value of his ship and its cargo, then the need for further proceedings in federal court is obviated. If the shipowner is found

liable for more than the value of his ship and its cargo in the state action, further proceedings in the federal limitation action may be necessary, but only where the claimant contests the limitation. <u>McCarthy Bros.</u> 83 F.3d 828 (1996).

## AS AND FOR RESPONDENT'S 7th AFFIRMATIVE DEFENSE

In an action for limitation of liability, the Court must consider (1) if the vessel was unseaworthy or if the accident was caused by negligence, and (2) if the shipowner had knowledge or privity of the unseaworthiness or negligence. <u>Complaint of Sea Wolf Marine</u>, 2007 WL 3340931 (S.D.N.Y.). Petitioner has failed to meet his burden of proving the pleasure vessel was seaworthy; that he did not negligently entrust his vessel to his intoxicated son, or that his intoxicated sons' negligence were without his privity or knowledge.

## AS AND FOR RESPONDENT'S 8th AFFIRMATIVE DEFENSE

Petitioner has violated statutes, ordinances and other regulations, including Section 48 of the New York State Navigation Laws, therefore he may not maintain this action.

## AS AND FOR RESPONDENT'S 9th AFFIRMATIVE DEFENSE

Petitioner had knowledge of his intoxicated son's, Frank J. Dieber, Jr.'s, violation of New York State Navigation Laws, 45-aaaa-1a, 49a-2b, and 49a-2d, and as such, Respondent is entitled to certain legal presumptions, including the Pennsylvania Rule ("when a ship at the time of an allusion is in actual violation of a statutory rule intended to prevent allusions, it is not more than a reasonable presumption that the fault, if not the sole cause of the disaster and in such a case

the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been.") <u>Tassinari v. Key West Water Tours, L.C.</u>, 2007 WL 1879172 (S.D. Fla. 2007) quoting <u>The Pennsylvania</u>, 86 U.S. 125 (1873).

**WHEREFORE**, Claimant/Respondent asks this Court to dismiss the Complaint of the Petitioner with prejudice in its entirety, together with the costs and disbursements of this action.

## COUNTERCLAIM

Claimant/Respondent/Counterclaim Plaintiff, Tara Pinand by way of Counterclaim against Petitioner/Counterclaim Defendant, Frank J. Dieber, Sr. hereby says:

### AS AND FOR A 1st CAUSE OF ACTION AGAINST FRANK J. DIEBER SR.

1) Upon information and belief, on or about the evening of June 29, 2007 and/or the morning of June 30, 2007, Frank J. Dieber, Jr. was the operator of a vessel, specifically a formula boat, model F272 SR-1 ("the vessel").

2) Upon information and belief, the registered owner of the vessel was Frank J. Dieber Sr. (Petitioner).

3) Upon information and belief, Respondent, Tara Pinand (Respondent), was a passenger on a pontoon-style boat on Greenwood Lake.

4) Upon information and belief, Respondent owned the above pontoon-style boat which was moored and anchored at the time of the accident.

5) Upon information and belief, the vessel operated by Frank J. Dieber Jr. collided with Respondent's pontoon-style boat, striking the pontoon-style boat going up and over the front bow of the anchored pontoon boat.

6) Upon information and belief, Frank Dieber, Jr. was intoxicated at the time of the accident.

7) The vessel operated by Frank J. Dieber, Jr., and owned by Petitioner, which collided with the poonton-style boat on which Respondent was a passenger, is a "vessel" as that term is defined in the statutes of the State of New York.

8) The pontoon-style boat was being operated on Greenwood Lake, which lake is "navigable water" as that term is defined in the statutes of the State of New York.

9) Frank J. Dieber, Jr. operated the vessel owned by Petitioner with Petitioner's said knowledge, consent and permission, express or implied.

10) Petitioner, as owner of the vessel, is vicariously liable for the negligence of Frank J. Dieber, Jr., the operator of the vessel at the time of the collision and the damages to Respondent which resulted therefrom pursuant to Section 48 of the Navigation Law of the State of New York.

11) As a consequence of the above, Respondent has been damaged in a sum that exceeds the jurisdictional limits of all courts of lesser jurisdiction.

WHEREFORE, Claimant demands judgment against Petitioner, Frank J. Dieber, Sr. for damages in an amount which exceeds the jurisdictional limits of all

courts of lesser jurisdiction, along with such other further relief as this court deems proper, interest, attorney's fees and costs.

### AS AND FOR A 2nd CAUSE OF ACTION AGAINST FRANK J. DIEBER, SR.

12) Respondent repeats and reiterates and realleges each and every allegation set forth in paragraphs 1-11 set forth above.

13) Petitioner entrusted the care, use and operation of his vessel to his son, Frank J. Dieber, Jr., without, upon information and belief, ensuring that Frank J. Dieber, Jr. was knowledgeable concerning the safe and lawful operation of the vessel, and capable of such safe and lawful operation or was not intoxicated or otherwise impaired in his ability to operate the vessel.

14) Petitioner's acts of entrusting the care, operation and control of his vessel to Frank J. Dieber, Jr., were negligent, reckless, careless and imprudent, and were the direct and proximate cause of the collision and of Respondent's injuries.

15) As a proximate result of Petitioner's negligent entrustment of the operation of his vessel to Frank J. Dieber, Jr., Respondent was caused to suffer and sustain severe, serious and likely permanent personal injuries, and as such, Claimant will continue to suffer future pain, distress and disability, and will incur future expenses and medical care and will be hindered in Claimant's ability to perform her usual duties.

16) As a consequence of the above, Respondent has been damaged in a sum that exceeds the jurisdictional limits of all courts of lesser jurisdiction.

WHEREFORE, Claimant demands judgment against Petitioner, Frank J. Dieber, Sr. for damages in an amount which exceeds the jurisdictional limits of all courts of lesser jurisdiction, along with such other further relief as this court deems proper, interest, attorney's fees and costs.

### THIRD PARTY COMPLAINT

Claimant/Respondent/Third Party Plaintiff, Tara Pinand by way of Third Party Complaint against Third Party Defendant, Frank J. Dieber, Jr. hereby says:

### AS AND FOR A 1st CAUSE OF ACTION AGAINST FRANK J. DIEBER, JR.

17) Respondent repeats, reiterates and realleges each and every allegation set forth in paragraphs 1-16 set forth above.

18) Upon information and belief, on or about the evening of June 29, 2007 and/or the morning of June 30, 2007, Frank J. Dieber, Jr. was the operator of a vessel, specifically a formula boat, model F272 SR-1 ("the vessel").

19) Upon information and belief, the registered owner of the vessel was Frank J. Dieber Sr. (Petitioner).

20) Upon information and belief, Respondent, Tara Pinand (Respondent), was a passenger on a pontoon-style boat on Greenwood Lake.

21) Upon information and belief, Respondent owned the above pontoon-style boat which was moored and anchored at the time of the accident.

22) Upon information and belief, the vessel operated by Frank J. Dieber Jr. collided with Respondent's pontoon-style boat, striking the pontoon-style boat going up and over the front bow of the anchored pontoon boat.

23) Upon information and belief, Frank Dieber, Jr. was intoxicated at the time of the accident.

24) Frank J. Dieber, Jr. was negligent in operating the vessel while intoxicated; failing to maintain the vessel in a safe and lawful manner; failing to operate the vessel in a safe and lawful manner; violating the rules, ordinances, and statutes applicable to the operation of such vessels on navigable waters in the State of New York; operating the vehicle at an excessive rate of speed under the circumstances and conditions; failing to observe the pontoon boat on which Respondent was a passenger in sufficient time to avoid colliding with it; failing to give any signal or warning; failing in any other way to avoid or prevent the collision; and otherwise being negligent and careless under the circumstances.

25) Frank J. Dieber Jr., knew and/or should have known, that his failure to exercise due care in operating the vessel, operating the vessel while intoxicated, and causing the vessel to strike the vessel on which Respondent was a passenger, would cause Respondent to suffer severe physical, mental and monetary damages.

26) The negligence of Frank J. Dieber Jr., resulted in and caused the events of the evening of June 29, 2007 and/or the morning of June 30, 2007.

27) The injuries sustained by the Respondent were caused by reason of the illegal conduct, negligence, recklessness, carelessness, and/or imprudent acts and omissions of Frank J. Dieber, Jr..

28) As a proximate result of Frank J. Dieber, Jr.'s, negligence and the consequences proximately caused by it, as alleged herein, Respondent was caused to suffer and sustain severe, serious and likely permanent personal injuries, as a consequence of which Respondent has suffered and will in the future suffer pain, distress, disability and will incur future expenses for medical care and has and in the future will be hindered in her ability to perform Respondent's usual duties.

29) As a consequence of the above, Respondent has been damaged in a sum that exceeds the jurisdictional limits of all courts of lesser jurisdiction.

**WHEREFORE**, Claimant demands judgment against Petitioner, Frank J. Dieber, Sr. for damages in an amount which exceeds the jurisdictional limits of all courts of lesser jurisdiction, along with such other further relief as this court deems proper, interest, attorney's fees and costs.

<u>**AS AND FOR A 2nd CAUSE OF ACTION AGAINST FRANK J. DIEBER, JR.**</u>

30) Respondent repeats and reiterates and realleges each and every allegation set forth in paragraphs 1-29 set forth above.

31) Frank J. Dieber, Jr. breached the duty he owed to Respondent when he operated the vessel in a negligent manner, including but not limited to, operating the vessel while intoxicated, and causing the vessel to strike the vessel on which Respondent was a passenger, thereby unreasonably endangering Respondent's physical safety and causing Respondent to fear for her safety.

32) Frank J. Dieber Jr. knew, or should have known, that his failure to exercise due care in operating the vessel, thereby unreasonably endangering Respondent's physical safety and causing her to fear for her safety, would cause Respondent to suffer physical, emotional and monetary damages.

33) As a proximate result of Frank J. Dieber Jr.'s negligence and the consequences proximately caused by it, as alleged herein, Respondent has suffered mental anguish, emotional and physical distress and has been injured in body and mind.

34) As a consequence of the above, Respondent has been damaged in a sum that exceeds the jurisdictional limits of all courts of lesser jurisdiction.

**WHEREFORE**, Claimant demands judgment against Petitioner, Frank J. Dieber, Sr. for damages in an amount which exceeds the jurisdictional limits of all courts of lesser jurisdiction, along with such other further relief as this court deems proper, interest, attorney's fees and costs.

### JURY DEMAND

Respondent/Counterclaim Plaintiff/Third Party Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:    Totowa, New Jersey
          April 21, 2008              Respectfully submitted,

                                      BY: _____
                                      MARIO BATELLI, Esq.,
                                      FOSTER AND MAZZIE, LLC
                                      Attorney for Respondent
                                      10 Furler Street
                                      Totowa, New Jersey 07512
                                      (973) 785-4000

To:    Mr. James E. Mercante, Esq.
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioner
292 Madison Avenue
11th Floor
New York, New York 10017
(212) 953-2381

Mr. Thomas P. Giuffra, Esq.
BARTON BARTON & PLOTKIN, LLP
Attorneys for Angela Norcia
420 Lexington Avenue
New York, New York 10170
(212) 687-6262

Mr. Joseph P. Petrizzo, Esq.
Attorneys for Frank J. Dieber, Jr.
42 Park Place
Goshen, New York 10924
(845) 294-3361

## CERTIFICATION OF SERVICE

I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to attorneys of record, registered users of the CM/ECF system:

Mr. James E. Mercante, Esq. (at jmercante@rubinfiorella.com)
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioner
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

Mr. Thomas P. Giuffra, Esq. (at tguiffra@bartonesq.net)
BARTON BARTON & PLOTKIN, LLP
Attorneys for Angela Norcia
420 Lexington Avenue
New York, New York 10170
(212) 687-6262

I further certify that on April 21, 2008, I had served the foregoing on the above and below listed persons and/or entities by depositing same into the sole possession of the United States Postal Service in a sealed envelope addressed to non-registered users of the CM/ECF System, with postage pre-paid:

Mr. Joseph P. Petrizzo, Esq.
Attorneys for Frank J. Dieber, Jr.
42 Park Place
Goshen, New York 10924
(845) 294-3361

                                        Respectfully submitted,

                                        BY: _____
                                                MARIO BATELLI, Esq.,
                                                FOSTER AND MAZZIE, LLC
                                                Attorney for Respondent
                                                10 Furler Street
                                                Totowa, New Jersey 07512
                                                (973) 785-4000

FOSTER & MAZZIE
10 FURLER STREET
P.O. BOX 209
TOTOWA, NEW JERSEY 07511
(973) 785-4000   FAX: (973) 785-9220
Attorneys for Respondent, Tara Pinand

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>OF<br><br>FRANK J. DIEBER, as owner of a 1988 20-foot Formula SR1 vessel for Exoneration from or Limitation of Liability | CIVIL ACTION NO.: 08 CV 2042<br><br>NOTICE OF APPEARANCE |

Please take notice that I, MARIO BATELLI, attorneys for the Respondent in this action, hereby appear and direct that all future correspondence and papers in connection with this action are to be directed to me at the address indicated below.

Dated:   Totowa, New Jersey
         April 21, 2008

                                    Respectfully submitted,

                                    BY: _____
                                    MARIO BATELLI, Esq.,
                                    FOSTER AND MAZZIE, LLC
                                    Attorney for Respondent
                                    10 Furler Street
                                    Totowa, New Jersey 07512
                                    (973) 785-4000

## CERTIFICATION OF SERVICE

    I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to attorneys of record, registered users of the CM/ECF system:

Mr. James E. Mercante, Esq. (at jmercante@rubinfiorella.com)
RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioner
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381

Mr. Thomas P. Giuffra, Esq. (at tguiffra@bartonesq.net)
BARTON BARTON & PLOTKIN, LLP
Attorneys for Angela Norcia
420 Lexington Avenue
New York, New York 10170
(212) 687-6262

    I further certify that on April 21, 2008, I had served the foregoing on the above and below listed persons and/or entities by depositing same into the sole possession of the United States Postal Service in a sealed envelope addressed to non-registered users of the CM/ECF System, with postage pre-paid:

Mr. Joseph P. Petrizzo, Esq.
Attorneys for Frank J. Dieber, Jr.
42 Park Place
Goshen, New York 10924
(845) 294-3361

                                                             Respectfully submitted,

                                                             BY: _____
                                                                 MARIO BATELLI, Esq.,
                                                                 FOSTER AND MAZZIE, LLC
                                                                Attorney for Respondent
                                                                10 Furler Street
                                                                Totowa, New Jersey 07512
                                                                (973) 785-4000